IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES W. MATHENA, 42413-080,

Petitioner,

v.

J.S. WALTON,

Respondent.                              Case No. 11-cv-1093-DRH-SCW

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I.   INTRODUCTION

Before the Court is petitioner James W. Mathena's motion to stay (Doc. 11). Petitioner admits that he has not exhausted his administrative procedures and seeks a stay of these proceedings pending exhaustion. The government has responded, requesting the motion to stay be denied and the petition be dismissed (Doc. 12). For the following reasons, petitioner's motion to stay is **DENIED** (Doc. 11). Instead, the Court Orders that petitioner's claims are **dismissed without prejudice**, based on his admission that he has failed to exhaust available administrative remedies.

### II.   BACKGROUND

In June 2003, petitioner was arrested in Bollinger County, Missouri for selling opium or derivative, possession of narcotics, possession of 35 grams or less of marijuana, use of possession of drug paraphernalia, and possession of a

firearm, placing him under the primary jurisdiction of the state of Missouri. However, on December 18, 2003, petitioner was temporarily transferred to federal custody pursuant to a writ of habeas corpus *ad prosequendum*. Thereafter, on May 24, 2004, petitioner was sentenced in the U.S. District Court for the Eastern District of Missouri to a 195-month term of imprisonment for felon in possession of firearms in violation of 18 U.S.C. §§ 922(g) and 924(e) (Doc. 10-4); *United States v. Mathena,* 03-cr-00156-JCH (E.D. Mo.). Petitioner's federal sentence did not commence on that same day. Following his federal sentencing, petitioner was designated to the United States Penitentiary in Leavenworth Kansas, (USP-Leavenworth), in June 2004 (Doc. 10-6). On August 23, 2004, he was released from USP-Leavenworth and returned to the custody of the state of Missouri (Doc. 10-1, 10-6).

Following his return to the state of Missouri, petitioner was sentenced on April 11, 2005, to a 10-year term of imprisonment for second degree assault (Doc. 10-7). After completing his state sentence, petitioner was released to the exclusive custody of federal authorities, on August 25, 2008 (Doc. 10-9). At which time, his federal sentence commenced. According to petitioner's BOP sentence computation, the entire time petitioner spent in BOP custody prior to the commencement of his federal sentence was credited toward his federal sentence as jail credit (*See* Doc. 10-1; 10-10, p. 3). Petitioner is currently designated to the United States Penitentiary in Marion, Illinois (USP-Marion).

Petitioner filed his instant 28 U.S.C. § 2241 petition in this Court on December 14, 2011. Petitioner alleges that he is entitled to an immediate release from his federal sentence. Specifically, petitioner alleges: (1) that the federal government no longer has custody or jurisdiction over his case; (2) that his federal sentence was no longer legal after it was interrupted and he was transferred to the state of Missouri to serve his state sentence; and (3) that his Fifth Amendment rights were violated when his federal sentence was interrupted, when he was transferred to the custody of the state of Missouri to serve a state sentence, and when he was later returned to federal custody to serve the remainder of his federal sentence (Doc. 1, p. 2).

### III. LAW AND APPLICATION

Section 2241 "covers any claim for release by a person who contends that his custody violates the Constitution or laws of the United States." *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007) (per curiam). Habeas corpus allows a prisoner to challenge the duration of custody. *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973)). However, federal inmates seeking habeas relief must exhaust available administrative remedies prior to filing a habeas petition. *See Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986), *cert. denied*, 479 U.S. 1056 (1987); *Anderson v. Miller*, 772 F.2d 375, 376-77 (7th Cir. 1985), *cert. denied*, 475 U.S. 1021 (1986).

The BOP has promulgated an administrative remedy system embodied in 28 C.F.R. § 542.10 *et seq.* and BOP Program Statement 1330.17, *Administrative Remedy Program*. The administrative remedy procedures require an inmate to first attempt to resolve his complaint informally with BOP staff by submitting a request for informal resolution, a BP-8. *See* 28 C.F.R. § 542.13. If not satisfied, the inmate is required to file his formal initial request for remedy to the warden, a BP-9. *Id.* at § 542.14. If dissatisfied, the inmate may appeal the warden's decision to the BOP Regional Director, known as a BP-10. *Id.* at § 542.15(a). If still dissatisfied, the inmate may appeal to the General Counsel in the BOP Central Office, a BP-11. *Id.* An inmate shall complete the appropriate forms "with all requested identifying information . . . ." *Id.* at § 542.15(b).

The government's response to petitioner's claims details petitioner's relevant administrative actions and argues petitioner has not exhausted his administrative remedies (Doc. 10, pp. 3-4); (Doc. 10-1); (Doc. 13). Petitioner's instant motion to stay notes his agreement with the government in that he has not fully exhausted his available administrative remedies (Doc. 11). Thus, he seeks a stay of these proceedings pending resolution of his administrative remedies.

As the parties agree that petitioner has not exhausted his administrative remedies, the only dispute in need of judicial resolution is how to best approach this acknowledgment. Relevantly, as the government points out, petitioner raised similar arguments in a previous Section 2241 petition filed in the U.S. District Court for the Eastern District of Missouri. At that time, petitioner was in state

custody and asked the court to withdraw the federal detainer in place or to order that his federal sentence run concurrent to his state sentence, as allowing his federal sentence to run consecutive to his state sentence would be inconsistent with the sentences imposed by the state and federal courts, and would violate the Double Jeopardy Clause and 18 U.S.C. § 3585. While the district court dismissed petitioner's claims as untimely, the Eight Circuit vacated and remanded with directions to dismiss petitioner's claims without prejudice for failure to exhaust his administrative remedies. *See Mathena v. United States,* No. 06-cv-178, 2008 WL 474324 (E.D. Mo. Feb. 14, 2008), *vacated and remanded,* 577 F.3d 943 (8th Cir. 2009). Thus, the U.S. District Court for the Eastern District of Missouri dismissed petitioner's petition without prejudice on May 18, 2011 (Doc. 10-19). As explained above, petitioner's instant claims are notably similar to his previously dismissed claims. Further, it is undisputed that petitioner has not fully exhausted his administrative remedies relevant to petitioner's claims. However, while petitioner seeks a stay of these proceedings, the Court deems a dismissal without prejudice is more appropriate. Thus, petitioner's motion is **DENIED** (Doc. 11) and his petition is **DISMISSED without prejudice**. The Clerk is instructed to close the file.

    **IT IS SO ORDERED.**

    Signed this 22nd day of January, 2013.

Digitally signed by David R. Herndon
Date: 2013.01.22 15:05:35 -06'00'

**Chief Judge**
**United States District Court**